UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON DUNKELBERGER,<br><br>                 Plaintiff,<br><br>        vs.<br><br>JOHN STORY, STATE MACHINE SHOP SUPERVISOR AT SD STATE PENITENTIARY; IN HIS INDIVIDUAL AND OFFICAL CAPACITY; MARCUS DITSWORTH, STATE, TEMP. SUPERVISOR AT SDSP MACHINE SHOP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND JOHN DOES, UNKNOWN EMPLOYEES OR OTHERS TO BE KNOWN; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>                 Defendants. | 4:20-CV-04086-LLP<br><br><br>1915A SCREENING ORDER DIRECTING SERVICE |

Plaintiff, Jason Dunkelberger, filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Dunkelberger leave to proceed in forma pauperis and required him to pay an initial partial filing fee. Doc. 5. Dunkelberger timely paid his fee and this Court must now conduct a 28 U.S.C. § 1915A screening on his Complaint.

**I.**     **1915A Screening**

        **A. Factual Background**

Dunkelberger claims he has been employed in the South Dakota State Penitentiary's Machine Shop since April 2017. Doc. 1 at 2. He alleges that John Story is the supervisor and that Marcus Ditsworth is the temporary supervisor of the Machine Shop. *Id.* Dunkelberger claims that Story and Ditsworth were responsible for training him on how to use all of the equipment and that neither of them gave him instruction on how to operate the metal shears. *Id.* at 5.

On June 13, 2017, Dunkelberger was told to use the metal shears and claims that his index finger and middle finger on his dominant hand were severely injured. *Id.* Dunkelberger has

included photograph attachments to his Complaint that show the metal shear machine shortly after the accident, his bloodied hand covered up, and his hand uncovered (exposing the injury). *Id.* at 8; Doc. 1-1 at 3-6.[1]

He claims that the metal shears did not have any labels on it regarding safety and that he was not instructed on where to place his hands while using the shears. Doc. 1 at 6. Dunkelberger claims that "Defendants acted or failed to act despite the fact that they each knew or should have known that the powered metal shears were not safe to operate without at least some instruction [o]n how it operated[.]" *Id.* at 7. He claims that Ditsworth filed an incident report that stated "Jason was 'trying to cut a small piece of metal' using the metal shears in the SDSP Machine Shop and 'was not aware the cylinder (sic) in front pressed down[.]' " *Id.* Dunkelberg asserts that this document shows that Ditsworth knew that Dunkelberger did not know how to properly handle the machine. *Id.*

Dunkelberg claims that on the same day as the incident he was taken to Health Services and then transported to Avera Hospital where the tips of his fingers were surgically amputated. *Id.* at 8. From July of 2017 through October 2018, Dunkelberger claims to have complained about drainage, pain, and a MRSA infection. *Id.* at 8-9. He claims that on October 17, 2018, Dr. Eugene Regier, the physician at SDSP, recommended that he see an orthopedic specialist due to a recent radiology report which showed fragments of bone that had migrated due to the amputations. *Id.* at 9. On December 11, 2018, Dunkelberger's complaints and reports were allegedly sent to Dr. Kathlyn Drexler, a Medical Doctor for Avera Medical Group, and she allegedly recommended that Dunkelberger be provided with warm gloves to protect his severed

---

[1] Dunkelberger claims that his injury occurred on June 13, 2017. Doc. 1 at 6. He filed his lawsuit on June 11, 2020.

fingertips. *Id.* at 9-10. Dunkelberger claims that he has not been provided with the gloves and that he does not know who denied the recommendation of Dr. Drexler. *Id.* at 10. He claims that his Eighth Amendment right to be free from cruel and unusual punishment has been violated and claims that defendants are liable for equipment manufacturing. *Id.* at 12. Dunkelberger seeks monetary damages and injunctive relief. Id. at 14.

### B. Legal Background and Analysis

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers*, 755 F.2d at 663. *Bell Atlantic* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555; *see also Abdullah v. Minnesota*, 261 Fed. Appx. 926, 927 (8th Cir. 2008) (citing *Bell Atlantic* noting complaint must

3

contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### 1. Official Capacity Claims

Dunkelberger sues defendants in their individual and official capacities and claims that defendants Story and Ditsworth are employees of the South Dakota Department of Corrections. Doc. 1 at 2. The Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Dunkelberger seeks monetary damages from the defendants. Doc. 1 at 14. The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Will*, 491 U.S. at 71. But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan,* 555 U.S. 223, 242-43 (2009).

Because the state of South Dakota has not waived its sovereign immunity and because Dunkelberger seeks monetary damages, all claims against defendants in their official capacities for monetary damages are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). However, Dunkelberger's claims against defendants Story and Ditsworth in their official capacities for injunctive relief remain.

### 2. Individual Capacity Claims

Dunkelberger mentions his Eighth Amendment right to be free from cruel and unusual punishment. Doc. 1 at 5. Liberally construing the facts of Dunkelberger's Complaint and Count I, it seems he is trying to assert that defendants Story and Ditsworth have failed to protect him from a substantial risk of serious harm by not training him before using the metal shears. A failure to protect claim is established when a plaintiff shows " 'that the prison official was deliberately indifferent to a 'substantial risk of serious harm.' " *Walls v. Tadman*, 762 F.3d 778, 782 (8th Cir. 2014) (quoting *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010)). To show that there was a "substantial risk of serious harm," the plaintiff must show objectively that the "inmate is incarcerated under conditions" that pose "a substantial risk of serious harm." *Id.* Next, the plaintiff must show that the "prison official [subjectively] had a sufficiently culpable state of mind." *Id.* "[T]he state of mind is one of deliberate indifference to inmate health or safety. An official is deliberately indifferent if he or she actually knows of a substantial risk and fails to respond reasonably." *Id.*

"In order to have a viable deliberate indifference claim, a plaintiff is not required to allege and prove that the defendant or defendants specifically knew about or anticipated the precise source of the harm." *Krein v. Norris*, 309 F.3d 487, 491-92 (8th Cir. 2002) (emphasis omitted) (commenting on the Supreme Court's holding in *Farmer v. Brennan*). "[A] prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 848 (1994); *see also Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) ("[A]n inmate's] pleadings must demonstrate that the prison officials failed to act reasonably despite knowledge of a substantial risk of serious harm . . . .").

Here, Dunkelberger alleges enough facts to support that working in the Machine Shop itself is inherently dangerous. *See* Doc. 1 at 5. Dunkelberger claims that because Story and Ditsworth allegedly failed to train him on the metal shears , that this also created a substantial risk of serious harm. *See id.* Dunkelberger claims that Story and Ditsworth knew that the machines in the Machine Shop were dangerous because they had trained him on different machines before. Doc. 1-1 at 1. At this point, Dunkelberg has alleged enough facts to show that his employment in the Machine Shop created a substantial risk of serious harm and that the defendants' alleged failure to train him properly they were deliberately indifferent to a serious risk. Thus, Dunkelberger's failure to protect claim against defendants, Story and Ditsworth, survive § 1915A review.

Dunkelberger also sues John Doe(s). Doc. 1 at 2. Section "1983 liability requires personal involvement in or direct responsibility for actions resulting in [the] violation." *Carter v. Hassell*, 316 Fed. App'x 525, 525 (8th Cir. 2008) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)); *see also Marchant v. City of Little Rock, Ark.*, 741 F.2d 201, 204 (8th Cir. 1984) (dismissing a claim because the individual "had no knowledge or connection to" the alleged violation); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (dismissing a § 1983 case where a prisoner claimed that prison officials inappropriately took away his rosary because "none of the prison officials sued by him [were] responsible for this confiscation"). Although Dunkelberger claims that John Doe(s), the unknown employees, have violated the Eighth Amendment, he has not asserted facts against any John Doe(s) regarding the injury with the metal shear and thus, has not stated an Eighth Amendment claim against John Doe(s) and the claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

In Count II, Dunkelberger asserts that defendants should be held liable for equipment manufacturing and that the facts to support this claim will be learned through discovery. Doc. 1 at

6

12. Section 1983 creates liability against people acting under the color of state law who deprive another of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983. Dunkelberg fails to assert facts that a constitutional or federal right has been violated by defendants with regards to the manufacturing of the metal shears. Thus, his Count II claim against defendants is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

    Accordingly, it is ORDERED:

1. That claims against defendants Story and Ditsworth in their official capacities for monetary damages are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). His claims for injunctive relief against defendants survive § 1915A review.

2. Dunkelberger's Eighth Amendment failure to protect claim (Count I) against Story and Ditsworth in their individual capacities survive § 1915A screening. Count II is dismissed against Story and Ditsworth under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

3. That John Doe(s) are dismissed as defendants as Dunkelberg fails to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

4. The Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Dunkelberger so that he may cause the complaint to be served upon defendants.

5. Dunkelberger shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons

and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

6. The United States Marshal Service shall serve the completed summonses, together with a copy of the Complaint (Doc. 1) and this order, upon the defendants.

7. Defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the Defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

8. Dunkelberger will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

DATED August 31, 2020.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge