UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*     \*     \*     \*     \*

| | | |
|---|---|---|
| JASON DUNKELBERGER | ) | 4:20-cv-4086-LLD |
| Plaintiff | ) | |
| v. | ) | BRIEF IN SUPPORT OF |
| JOHN STORY, *et al.*, | ) | MOTION FOR |
| Defendants | ) | ASSISTED SERVICE |

\*     \*     \*     \*     \*

Plaintiff Jason Dunkelberger hereby submits for this Court's consideration his brief in support of his motion for assisted service.

Plaintiff Jason Dunkelberger submitted his form §1983 Complaint (Doc. 1) on June 9, 2020. The Court issued it 1915A Screening Order Directing Service on August 31 (Doc. 6). The Clerk provided Plaintiff with a USM-285 and summons forms for each Defendants, which Plaintiff completed and returned to the Clerk with the prison, SDSP, as the service address. The forms were returned as unserved on September 21, 2020.

A major rule, the highest category, M-5, forbids:

Unsolicited contact with or in reference to, any non-inmate (notes, letters, messages, suggestive remarks or gestures, inappropriate touching, or **seeking out personal information**).

(Parenthetical original, emphasis added.)

Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. §1915(d), in an in forma pauperis case, '[t]**he officers of the court shall issue and serve all process, and perform all duties in such cases.** (Emphasis original.] See *e.g., Beyer v. Paulanski County Jail*, 585 Fed. App's 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last known contact information where plaintiff contended that the Jail would have information of defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 719, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than the information necessary to identify defendant; Marshal should be able to ascertain defendant's current address.)

*Epps v. Frakes*, 2017 U.S. Dist. LEXIS 92236 *17 n.5 (8th Cir. 2017). Also see *Maxwell v. Golden,* 490 Fed. App'x 845, 846 (8th Cir. 2017) (per curiam).

Previously, this Court provided assistance to indigent prisoners by: Ordering Counsel for Defendants to obtain addresses for previous employees of DOC and provide same to Marshal for service, under seal. *Hansen v. Badure*, 4:19-cv-4019-KES (D.S.D. 2020). And, this Court ordered the Marshal to ask Defendants' former employer, the SD DOC, to provide addresses for unserved defendants, under seal. *Cody v. Loen*, 2010 U.S. Dist. LEXIS 3541 **2-5 (D.S.D. 2010).

WHEREFORE, for all of the foregoing reasons, Plaintiff Jason Dunkelberger prays this Court to request the United States Marshal obtain the addresses for Defendants John Storey and Marcus Ditsworth, former DOC employees, under seal, for service. Or, alternately, for the Court to use the vast resources at its disposal to obtain the last known addresses for Defendants, above, and provide same to the United States Marshal, under seal, for service.

## VERIFICATION

I, Plaintiff Jason Dunkelberger, hereby verify under penalty of perjury that the facts stated above are true and correct.

Executed on this 8th day of December, 2020.

*Jason Dunkelberger*

Jason Dunkelberger
Plaintiff *pro se*
P.O. Box 5911
Sioux Falls, SD
57117-5911