UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON DUNKELBERGER,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN STORY, STATE MACHINE SHOP SUPERVISOR AT SD STATE PENITENTIARY; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MARCUS DITSWORTH, STATE, TEMP. SUPERVISOR AT SDSP MACHINE SHOP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND JOHN DOES, UNKNOWN EMPLOYEES OR OTHERS TO BE KNOWN; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>Defendants. | Case 4:20-CV-04086-LLP<br><br><br>**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS** |

COME NOW Defendants John Story and Marcus Ditsworth in reply to Plaintiff's Response to Defendants' Statement of Undisputed Material Facts, states the following:

1. No dispute, Plaintiff has effectively admitted the allegations.

2. No dispute, Plaintiff has effectively admitted the allegations.

3. No dispute, Plaintiff has effectively admitted the allegations.

4. Defendants have not alleged that John Story was not the Shop Supervisor at the time. Plaintiff's response misstates the applicable standard and the practice and policies of the Machine Shop. At the time Dunkelberger was injured, inmates were precluded from operating equipment that they had not been trained upon. Dunkelberger explicitly violated this policy, such policy being posted conspicuously throughout the Machine Shop. *See* Doc. 24, ¶¶ 10 and 11.

5. Plaintiff's response is not responsive to the allegation and does not deny Defendants ¶ 5 contained in Doc. 24. Plaintiff's statements concerning the posted warnings are inconsistent with irrefutable photographs and ignore the Machine Shop policy addressed in ¶ 4, *supra*. *See also*, Doc. 24, ¶¶ 12-15.

6.      No dispute, Plaintiff has effectively admitted the allegations.

7.      Plaintiff's response is completely nonresponsive. Thus, Plaintiff's allegation is admitted.

8.      Plaintiff's response effectively admits Defendants' allegation, further, it does not appear there is any real dispute concerning the mechanism of injury or that Dunkelberger's injury was unintentional.

9.      Plaintiff's response is completely unresponsive. The Defendants do not dispute that Dunkelberger may need some type of treatment in the future, however, for the extended future Dunkelberger will be within the care of the South Dakota Department of Corrections. To the extent Plaintiff's response is not responsive, ¶ 9 is admitted.

10.     The photograph evidence referenced by Dunkelberger was taken on two dates, June 20, 2017, as evidenced by Dunkelberger deposition Exhibit 2 attached to the Supplemental Affidavit of Doug Abraham as Exhibit A. Both page 1 and page 3 identify that the original equipment manufacturer warnings as well as the Machine Shop equipment safety instructions were present as of June 20, 2017. Subsequent photographs were taken on August 19, 2021, in order to produce photographs that legibly displayed the original equipment manufacturer warnings and the Machine Shop equipment safety instructions location in relation to the on/off switch for the machine. In contrasting Dunkelberger deposition Exhibit 2 and the attachments to the Affidavits of Ditsworth and Story (Doc. 26 and Doc. 27), as well as the original Abraham Affidavit (Doc. 25), Exhibits 2 and 3, it is clear that the original equipment manufacturer warnings and the Machine Shop safety instructions were present on both dates of the photographs, June 20, 2017, and August 19, 2021. Page 3, photograph 6 of the Dunkelberg deposition exhibit can be easily contrasted with Exhibit 3, page 3, of the Abraham Affidavit (Doc. 25-3) which shows the large machine set bolts on the front the Cincinnati shear are in the identical locations in relation to the Machine Shop equipment safety instructions, the Machine Shop safety instructions are identical, and the machine set bolts are clearly visible in all front-facing photographs of the shear from both 2017 and 2021. The 2017 photographs are of poor quality and "washed out" which make the safety instructions difficult to observe and the OEM warnings illegible, which necessitated the second set of photographs to be taken. The pinch point decal Dunkelberger references and located on the photograph that is page 5 of Doc. 25-3 was added in response to Dunkelberger's injury as an additional warning to prevent subsequent injury, such is consistent with applicable law and good safety practices. Notably, Dunkelberger has not in any way refuted the veracity of the photographs, alleged that the warnings were not present, or in any way refuted the Affidavits of John Story and Marcus Ditsworth which identify that the warnings and Machine Shop instructions were present at the time of Dunkelberger's injury. Doc. 27, ¶¶ 9-12, and Doc. 26, ¶¶ 9-12.

11.     As stated in response to ¶ 10, photograph 6 on page 3 of Dunkelberger deposition Exhibit 2, attached to the Supplemental Abraham Affidavit as Exhibit A, identifies the Machine Shop equipment safety instructions were installed as of June 20, 2017, and contrasting the 2017 and 2021 photographs identify that the Machine Shop equipment safety instructions were in the

same location on the front of the machine by referencing the large machine set bolts that are on righthand side of the Machine Shop equipment safety instructions. Further, the Affidavits of Story and Ditsworth verify the location of the Machine Shop equipment safety instructions at the time of Plaintiff's injury. *Supra.* Further, Dunkelberger's answer is completely nonresponsive as ¶ 11 of Defendants' Statement of Undisputed Material Facts refers to the sign identifying the Machine Shop policy that training is required prior to using any equipment. The Story and Ditsworth Affidavits verify the Machine Shop sign and policy were in place at the time Dunkelberger was injured. Dunkelberger's response does not address the actual allegation contained within ¶ 11 of Defendant's Statement of Undisputed Material Facts, and thus must be deemed admitted.

12.     Plaintiff's response to Defendants' Statement of Material Facts ¶ 12 is completely nonresponsive. Dunkelberger does not dispute the two original equipment manufacturer warnings and the third shop procedure warning were on the front of the shear at the time of Dunkelberger's injury. Further, the contemporaneous photographs from June 20, 2017, attached to the Supplemental Abraham Affidavit as Exhibit A, clearly identify the presence of the OEM and Machine Shop warnings.

13.     Plaintiff's response is clearly inaccurate and not supported by any evidence. The Affidavit of John Story (Doc. 26, ¶ 9) and the photographs of instructions attached to the initial Abraham Affidavit as Exhibit 3, and the Supplemental Abraham Affidavit as Exhibit A clearly identify the location of the Machine Shop warning signs which are verifiable in relation to the large machine set bolts on the front of the Cincinnati Shear which are visible on all front facing photographs of the machine, including the poorer quality June 20, 2017, photographs.

14.     Plaintiff's response to Statement of Undisputed Material Facts ¶ 14 is completely nonresponsive, and thus deemed admitted. The original equipment manufacturer warnings are clearly visible in all photographs of the front of the Cincinnati Shear and warn of the very danger which caused Dunkelberger's injuries.

15.     Plaintiff's response to Statement of Undisputed Material Facts ¶ 14 is completely nonresponsive, and thus deemed admitted. The original equipment manufacturer warnings are clearly visible in all photographs of the front of the Cincinnati Shear and warn of the very danger which caused Dunkelberger's injuries.

16.     Plaintiff effectively admits this paragraph. Further Story and Ditsworth are the only Defendants named in the suit and references to alleged failures of the South Dakota State Penitentiary are irrelevant for purposes of the present action.

17.     Plaintiff's response effectively admits the allegation contained within that Statement of Undisputed Material Fact in ¶ 17.

18.     Plaintiff's response effectively admits Defendants' Statement of Undisputed Material Fact ¶ 18.

3

19.    Plaintiff's response to Statement of Undisputed Material Fact ¶ 19 is unresponsive and thus ¶ 19 must be deemed admitted.

20.    Plaintiff's response is nonresponsive concerning the allegation contained within Statement of Undisputed Material Fact ¶ 20 and, therefore, the paragraph must be deemed admitted.

21.    Plaintiff effectively admits the allegation contained with Statement of Undisputed Material Fact ¶ 21. Plaintiff was primarily a welder and did not regularly use the metal shears. Despite this, Dunkelberger used the shears prior to being trained and in violation of known Machine Shop policy.

22.    It does not appear that Plaintiff provided a response to this paragraph, thus it must be deemed admitted.

23.    It does not appear that Plaintiff provided a response to this paragraph, thus it must be deemed admitted.

Dated this _____ day of October, 2021.

MAY, ADAM, GERDES & THOMPSON LLP


BY:_____
DOUGLAS A. ABRAHAM
Attorneys for Defendants Story and Ditsworth
503 South Pierre Street
P.O. Box 160
Pierre, South Dakota 57501-0160
Telephone: (605)224-8803
E-mail: daa@mayadam.net


**CERTIFICATE OF SERVICE**

Douglas A. Abraham of May, Adam, Gerdes & Thompson LLP hereby certifies that on this the _____ day of October, 2021, I electronically filed the foregoing Reply to Plaintiff's Response to Defendants' Statement of Undisputed Material Facts with the Clerk of the District Court using the CM/ECF system.

Douglas A. Abraham also certifies that on this the _____ day of October, 2021, he mailed by United States mail, first class postage thereon prepaid, a true and correct copy of the same in the above-captioned action to the following at his last known address, to-wit:

4

Jason Dunkelberger, #21359
Mike Durfee State Prison
1412 Wood Street
Springfield, SD    57062

_____
Douglas A. Abraham