UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON DUNKELBERGER,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN STORY, STATE MACHINE SHOP SUPERVISOR AT SD STATE PENITENTIARY; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MARCUS DITSWORTH, STATE, TEMP. SUPERVISOR AT SDSP MACHINE SHOP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND JOHN DOES, UNKNOWN EMPLOYEES OR OTHERS TO BE KNOWN; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>    Defendants. | Case 4:20-CV-04086-LLP<br><br><br>**DEFENDANTS' REPLY BRIEF** |

COME NOW Defendants John Story and Marcus Ditsworth (hereinafter "Defendants," "Story," "Ditsworth" or "Story and Ditsworth"), by and through their undersigned attorneys of record, and hereby submit the following Reply Brief in support of Defendants' Motion for Summary Judgment.

## ARGUMENT

I.    <u>Deliberate Indifference.</u>

The applicable standard by which all inmate claims that relate to an injury within the context of a prison work assignment is the deliberate indifference standard. *See Ambrose v. Young*, 474 F.3d 1070, 1076-77 (8th Cir. 2007). The Eighth Circuit of Appeals held that "In the prison work assignment context, prison officials are deliberately indifferent when they knowingly compel 'an inmate to perform labor that is beyond the inmate's strength, dangerous to

his or her life or health, or unduly painful.'" *Id.* at 1077 quoting *Sanchez v. Taggart*, 144 F.3d 1154, 1156 (8th Cir. 1998). Prison work assignment cases are analyzed under the broader umbrella of the Eighth Amendment's prohibition against cruel and unusual punishment. *See Id.* citing *Rhodes v. Chapman*, 454 U.S. 337, 345-47, 101 S. Ct. 2392 (1981); *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). In so explaining, the Eighth Circuit reasoned that as "cruel and unusual punishment" under the Eighth Amendment "applies to conditions of confinement, and prison work assignments fall under the ambit of conditions of confinement." *Id.*

Here, Dunkelberger essentially argues that he was injured while working on a piece of shop equipment that he was not properly trained to use. He does not argue that the specific piece of equipment, a Cincinnati metal shear, was unreasonably dangerous in its condition. Dunkelberger also does not argue that he was compelled to use a specific piece of equipment. In contrast, Dunkelberger admits that another inmate told him to utilize the piece of equipment and that neither Defendant in this matter were aware he was using the equipment that he was untrained to use. Dunkelberger further acknowledges that the Machine Shop policies precluded the use of equipment by inmates when they had not received training in relation to that particular piece of equipment. Further, this policy was conspicuously posted within a matter of feet of where Dunkelberger was injured. Additionally, Dunkelberger has not even alleged that Story and Ditsworth possessed a sufficiently culpable state of mind such that the second prong of the deliberate indifference standard could be satisfied. This is significant as neither Story nor Ditsworth knew Dunkelberger was using the Cincinnati metal shear at the time he was using it. Thus, as a matter of law, based on the undisputed material facts before the Court, the second prong of the deliberate indifference test cannot be satisfied. Defendants submit that the first

prong is not satisfied as there is no violation and there is certainly not a violation that rises to the level to be so objectively serious that a constitutional right is implicated.

Further, the relevant case law has all been decided contrary to Dunkelberger's claims. In each of the cases listed below and explained in contrast with Dunkelberger's case, several circuits have found on behalf of defendants in situations far more deferential to plaintiffs than the present facts at hand.

In *Kulkay v. Roy*, the Eighth Circuit Court of Appeals affirmed dismissal of a prison industries case brought by an inmate who was injured while using a saw that had guards removed and a long history of inmate injuries. 847 F.3d 637, 643 (8th Cir. 2017). In *Kulkay*, the inmate who was injured was assigned to utilize the subject piece of equipment. Here, in contrast, Dunkelberger was not assigned or directed by either Defendant to utilize the subject metal shear, nor had the metal shear previously caused injury.

In a case that is remarkably similar to the present action in regard to the nature of the injury suffered, John Bibbs lost portions of two fingers when they became entangled in the gears of the "inker" in a license plate manufacturing facility at a prison in Missouri. *See Bibbs v. Armontrout*, 943 F.2d 26, 27 (8th Cir, 1991). Guards on the license plate inker had been removed which allowed for Bibbs fingers to get caught in the gears of the inker. *Id.* Yet, in *Bibbs* the Eighth Circuit held essentially that even though an injury is capable of occurring in the absence of guards or due to the condition of the equipment, it does not, absent more, constitute an Eighth Amendment claim. *Id.* at *27. The Defendants here are in a similar position as those prison officials in *Bibbs* in that there is "no evidence that the prison officials intentionally placed prisoners in a dangerous situation." *Id.* The real difference between *Bibbs* (where the Eighth

Circuit affirmed summary judgment) and Dunkelberger is that the equipment on which Dunkelberger was injured while utilizing did not have guards removed. He simply misused a piece of equipment in contravention of the applicable instructions and original manufacturer's warnings. Nonetheless, the same result must hold and Defendants here are similarly entitled to summary judgment.

Last, in *Stephens v. Johnson*, the Eighth Circuit upheld a grant of summary judgment in a prison industries case that alleged dangerous working conditions in a warehouse. 83 F.3d 198, 200 (8th Cir. 1996). The inmates in *Stephens* complained of lacking safety equipment, mechanical problems with equipment, generally unsafe working conditions, and a failure to provide safety training. *Id.* Each of the inmates testified that they received injuries while working in the warehouse. Yet, the Eighth Circuit held:

> Even giving the inmates the benefit of all reasonable inferences, we believe that they have failed to establish that Campbell was deliberately indifferent to their health and safety. In the workplace safety context, we have held that mere negligence or inadvertence is insufficient to constitute deliberate indifference.

*Id.* The Eighth Circuit in *Stephens* further held that "even assuming that [a defendant] was aware of safety problems at the warehouse, such a showing falls short of creating a genuine issue of deliberate difference to workplace safety." *Id.* at 201. "To convert conduct that does not even purport to be punishment into conduct violative of the Eighth Amendment, 'more than ordinary lack of due care for the prisoner's interest or safety' must be shown." *Id.* In contrasting the situation in *Stephens* with that of *Bibbs*, *supra*, the Eighth Circuit stated "simply failing to provide inmates who move furniture with steel-toed boots, protective eyewear, and hardhats, for example, does not establish a constitutional violation any more than failing to install a safety device on a saw despite knowledge of prior injuries." *Id.* Despite the allegations in *Stephens*,

4

the Eighth Circuit held there was insufficient evidence to establish a constitutional violation and reiterated that negligence falls far short of a constitutional violation. In contrasting the conditions with the plaintiff in Stephens with the present case, it is clear the conduct complained of by Dunkelberger is insufficient to establish a constitutional violation. Defendants submit the present allegations are insufficient to establish even mere negligence but such obviously is not the standard.

All prison industries cases within the Eighth Circuit support the grant of summary judgment under the present facts and circumstances. Although it is unfortunate that Dunkelberger was injured, he did not do so as a portion of punishment or under a situation where there was a conscious disregard for his safety. Further, the allegations when coupled with the undisputed material facts are insufficient to satisfy either prong of the deliberate indifference analysis.

II.    Qualified Immunity Precludes Dunkelberger's Claims.

Government officials are entitled to qualified immunity for discretionary decisions unless they violate a clearly established constitutional right. *See Gordon ex rel Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006).

> For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"

*Id.* at 863, quoting *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). Or, as stated differently, "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Vaughn*, 438 F.3d at 852.

5

The Defendants here were sued in their individual and official capacities as correctional officers operating the prison industries metal shop at the South Dakota State Penitentiary. As government officials the defendants, Story and Ditsworth, possess qualified immunity from suits arising from the execution of their duties. *See generally Saucier v. Katz*, 522 U.S. 194, 201 (2001).

To avoid the application of sovereign immunity, Plaintiff must show (1) that an official's conduct has violated a constitutional right and (2) that the right was clearly established at the time of the violation and within the specific context of the case. *See Saucier*, 522 U.S. at 201. If a Section 1983 Plaintiff fails to establish either prong of the qualified immunity test, qualified immunity shields the government official from suit. *Id.* 200-01

Here, Defendants posit that no constitutional violation occurred as set forth in the first section of this Reply Brief and in Doc. 23, Defendants' initial Brief in support of summary judgment. Due to the failure to establish a constitutional violation occurred, Defendants are entitled to qualified immunity and no further inquiry is necessary.

Should the Court determine that further inquiry is necessary, the second prong of the qualified immunity test mandates that Dunkelberger much show where the constitutional right was clearly established under the specific conditions and within the context of this injury such that Story and Ditsworth would be "on notice their conduct [was] unlawful." *See Sisney v. Reisch*, 674 F.3d 839, 843-44 (8ᵗʰ Cir. SD 2012). Here, no constitutional violation has been implicated by applicable case law and the facts and circumstances now before the Court. Thus, there is no mechanism by which Ditsworth and Story could be "on notice' that their conduct violated any clearly established constitutional right.

6

In order to demonstrate a right was clearly established to give fair warning, a § 1983 plaintiff must be able to point to either a controlling case from their jurisdiction, or a consensus of outside jurisdictions, establishing the right. *See Wilson v. Layne*, 526 U.S. 603, 618 (1999). Here, Dunkelberger has not provided a controlling case from the Eighth Circuit or a consensus of outside jurisdictions that would establish a constitutional right on the facts before the Court. Dunkelberger would have to provide a case identifying that Ditsworth and Story had a duty to prevent Dunkelberger's injury while Dunkelberger was acting in direct contravention to South Dakota State Penitentiary Machine Shop policy in a situation where Dunkelberger himself was not compelled to use the specific equipment that he was injured upon. No such case exists. Thus, at a minimum, the Defendants here are entitled to qualified immunity. Dunkelberger was not compelled "to perform labor that is beyond his strength, dangerous to his life or health, or unduly painful." Dunkelberger contrasts *Sanchez*, 114 F.3d at 1156. Dunkelberger voluntarily took on a task on a machine he claims he was not trained to use in direct contravention of shop policy and was acting at the behest or direction of Story or Ditsworth. In fact, Story and Ditsworth did not know he was using the subject machine thus no deliberate indifference occurred as (1) no constitutional violation occurred and (2) no deliberate indifference occurred as the alleged violation was not objectively and sufficiently serious nor did the Defendants act with a sufficiently culpable state of mind.

III.    Deliberate indifference to Dunkelberger's medical needs.

As Plaintiff did not respond to this section of Defendants' initial brief, Defendants rest in this regard on the strength of its initial Brief and Motion for Summary Judgment.

7

## CONCLUSION

Dunkelberger's allegations fail for numerous reasons.  Dunkelberger voluntarily took on work on a machine he alleges he was not trained to operate in violation of South Dakota State Penitentiary Machine Shop policy.  Dunkelberger was not directed to utilize the subject machine. Dunkelberger utilized the machine without the knowledge of Story or Ditsworth and as such Story and Ditsworth were unaware of Dunkelberger's use of the shear until he was injured and thus could have not acted with a "sufficiently culpable state of mind."  Further, as no constitutional violation occurred, the Defendants are entitled to qualified immunity.  Lastly, there is no controlling case from the Eighth Circuit or from a consensus of outside circuits establishing that the Defendants are in violation of  Dunkelberger's constitutional rights.

Respectfully submitted this 13ᵗʰ day of October, 2021.

MAY, ADAM, GERDES & THOMPSON LLP

BY:_____
DOUGLAS A. ABRAHAM
Attorneys for Defendants Story and Ditsworth
503 South Pierre Street
P.O. Box 160
Pierre, South Dakota 57501-0160
Telephone: (605)224-8803
E-mail: daa@mayadam.net

## CERTIFICATE OF SERVICE

Douglas A. Abraham of May, Adam, Gerdes & Thompson LLP hereby certifies that on this the 13ᵗʰ day of October, 2021, I electronically filed the foregoing Reply Brief with the Clerk of the District Court using the CM/ECF system.

Douglas A. Abraham also certifies that on this the 13ᵗʰ day of October, 2021, he mailed by United States mail, first class postage thereon prepaid, a true and correct copy of the same in the above-captioned action to the following at his last known address, to-wit:

8

Jason Dunkelberger, #21359
Mike Durfee State Prison
1412 Wood Street
Springfield, SD    57062

_____
Douglas A. Abraham