UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JASON DUNKELBERGER, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN STORY, STATE MACHINE SHOP SUPERVISOR AT SD STATE PENITENTIARY; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MARCUS DITSWORTH, STATE, TEMP. SUPERVISOR AT SDSP MACHINE SHOP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND JOHN DOES, UNKNOWN EMPLOYEES OR OTHERS TO BE KNOWN; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; <br><br> Defendants. | Case 4:20-CV-04086-LLP <br><br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT** |

COMES NOW, the Defendants, John Story and Marcus Ditsworth, by and through their undersigned attorney of record hereby submits the following Response to Plaintiff's Motion to Reconsider the Court's Grant of Summary Judgment.

## BRIEF FACTUAL SUMMARY

This matter was filed as a civil rights Complaint on August 7, 2020. Defendants filed for summary judgment on September 3, 2021. (Document 22). The Court granted Defendants Motion for Summary Judgment on July 20, 2022. (Document 35-36). Plaintiff filed a Motion for Reconsideration of Summary Judgment on August 2, 2022. (Document 37).

No additional information, change of circumstances, or new evidence is alleged in the Motion to Reconsider. All matters contained within the Motion for Reconsideration were either raised or could have been raised in response to Defendants Motion for Summary Judgment.

## ARGUMENT

"The Federal Rules of Civil Procedure do not mention a motion for reconsideration." *Broadway vs. Norris,* 193F.3d 987, 989 (8th Cir. 1999). The Circuit Court and the 8th Circuit typically characterize Motions for Reconsideration as being pursuant to either Rule 59(e) or Rule

60(b) of the Federal Rules of Civil Procedure. Here, it appears as though Rule 59(e)a "motion to alter or amend a judgment" is the applicable rule as Mr. Dunkelberger seeks to modify a final judgment. The actual text of Rule 59(e) provides "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. The non-movant has an affirmative duty to come forward to meet a properly supported motion for summary judgment ... Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

*Hagerman vs. Yakon Energy Corp.,* 839 F.2d 407 ,414 (8th Cir. 1988) quoting *Rothwell Cotton Co. vs. Rosenthal & Co.* 827 F.2d. 246, 251 (7th Cir.) as amended, 835 F.2d 710 (7th Cir. 1987).

Further, "a motion to alter or amend judgment can not be used to raise arguments which could have been raised prior to the issue of judgment" *Id.citing Federal Deposit Ins. Corp. v Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986).

No newly discovered evidence has been offered by Mr. Dunkelberger and no recognized justification exists to depart from the Court's prior entry of summary judgment here. Mr. Dunkelberger is simply unhappy with the state of the law in accordance with the correct application of such.

## CONCLUSION

Dunkelberger has not stated any justification sufficient for the Court to reconsider its entry of summary judgment. This case was not a close call from a factual or legal standpoint. There is no justification for the Court to reconsider the entry of summary judgment or modify the judgment.

Dated this 18th day of August, 2022.

MAY, ADAM, GERDES & THOMPSON LLP

BY:_____
DOUGLAS A. ABRAHAM
*Attorneys for Defendants Story and Ditsworth*
503 South Pierre Street
P.O. Box 160
Pierre, South Dakota 57501-0160
Telephone: (605) 224-8803
Fax: (605) 224-6289
daa@mayadam.net

**CERTIFICATE OF SERVICE**

Douglas A. Abraham of May, Adam, Gerdes & Thompson LLP hereby certifies that on this the 18th day of August, 2022, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system which will automatically send e-mail notification of such filing to counsel of record.  Further, a true and correct copy of the foregoing was mailed by U.S. Mail, first class postage thereon prepaid, to the following at his last known address, to-wit:

Jason Dunkelberger, #21359
Mike Durfee State Prison
Springfield, SD 57062

_____
Douglas A. Abraham

3