UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON DUNKELBERGER,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN STORY, STATE MACHINE SHOP SUPERVISOR AT SD STATE PENITENTIARY; IN HIS INDIVIDUAL AND OFFICAL CAPACITY; MARCUS DITSWORTH, STATE, TEMP. SUPERVISOR AT SDSP MACHINE SHOP; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,<br><br>Defendants. | 4:20-CV-04086-LLP<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

Plaintiff, Jason Dunkelberger, filed a pro se lawsuit under 42 U.S.C. § 1983, alleging that he was injured when using a metal shear in the South Dakota State Penitentiary machine shop. Doc. 1. This Court screened Dunkelberger's complaint, dismissing it in part and directing service upon defendants in part. Doc. 6. Specifically, Dunkelberger's Eighth Amendment failure to protect claim against John Story and Marcus Ditsworth in their individual capacities and in their official capacities for injunctive relief survived § 1915A screening, and his remaining claims were dismissed. *Id.* at 7. This Court granted defendants' motion for summary judgment, and judgment was entered in favor of defendants and against Dunkelberger on July 20, 2022. Docs. 35, 36. Dunkelberger now moves for reconsideration of that order and judgment. Doc. 37.

The Eighth Circuit Court of Appeals has traditionally "instructed courts to consider [motions for reconsideration] either under Rule 59(e) or Rule 60(b)." *See Moberly v. Midcontinent Commc'n*, Civ. 08-04120, 2010 WL 11681663, at *1, 2010 U.S. Dist. LEXIS

1

156292, at *1 (D.S.D. Aug. 2, 2010) (citation omitted). Rule 60(b) authorizes a court to relieve a party from a final judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Dunkelberger argues that five genuine issues of material fact remain in this case that should have prevented this Court from granting summary judgment in favor of defendants. Doc. 37 at 1-2. He raises an additional issue of fact in his reply to defendants' response to his motion for reconsideration. Doc. 39 at 2.

Dunkelberger claims that he and the defendants disagree as to the warning signage on the metal shear on the day of the accident. Doc. 37 at 1. He claims that defendants must have known that he was using the metal shear because the supervisor's office was less than 20 feet from the shear and had windows that looked onto the shop floor. *Id.* He claims that defendants added a warning label to the machine after the accident, showing that they knew of the danger and refused to address it. *Id.* Dunkelberger alleges that "[i]t should always be the responsibility of supervisors to train employees on the use of dangerous equipment" and that this should not be left to inmates, especially when working with older equipment such as the metal shear. *Id.* He alleges that, as an inmate at the South Dakota State Penitentiary, he did not have the same freedom to decline dangerous work as he would have in the "free world[.]" *Id.* at 1-2. In his reply, Dunkelberger claims that defendants have "deceptively enter[ed] a copy of a photo that was taken well after the incident" in order to show that a safety guard was in place that Dunkelberger alleges was not in place at the time of the accident. Doc. 39 at 2.

Because Dunkelberger argues that defendants have misrepresented facts in this case, his motion falls under Rule 60(b)(3). To prevail under Rule 60(b)(3), the moving party must show that the nonmoving party "engaged in fraud or other misconduct and that this conduct prevented [the moving party] from fully and fairly presenting its case." *In re Levaquin Prods. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014) (quoting *E.F. Hutton & Co. v. Berns*, 757 F.2d 215, 216-17 (8th Cir. 1985). The only other potentially applicable circumstance here is "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6). To obtain relief under Rule 60(b)(6), a party must show that "exceptional circumstances . . . denied the moving party a full and fair opportunity to litigate his claim and . . . prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) (citation omitted). Rule 60(b) motions cannot be used to " 'introduce new evidence that could have been adduced during pendency' of the motion at issue[,] . . . to 'tender new legal theories[,]' " or to reargue "on the merits." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)) (first quoted material); *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) (second quoted material).

To prevail on an Eighth Amendment claim for failure to protect, "a plaintiff must show that a defendant was *personally involved* in the alleged deprivation of rights and *deliberately interfered* with those rights." *Kenyon v. Dooley*, 2014 WL 3700878, at *3, 2014 U.S. Dist. LEXIS 101673, at *10 (D.S.D. July 25, 2014) (citing *DuBois v. Dooley*, 277 F. App'x 651, 652 (8th Cir. 2008)). To establish deliberate interference, a plaintiff "must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Id.* (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)).

3

A prison official's failure to act despite knowledge of the risk to an inmate can amount to deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Coleman,* 114 F.3d at 786 (citing *Farmer*, 511 U.S. at 842). To show deliberate indifference, an inmate must demonstrate that a prison official knew the "inmate face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Kenyon*, 2014 WL 3700878, at *3, 2014 U.S. Dist. LEXIS 101673, at *10 (alterations in original) (quoting *Coleman*, 115 F.3d at 785). Mere negligence does not constitute deliberate indifference. *Warren v. Missouri*, 995 F.2d 130, 131 (8th Cir. 1993). The Eighth Circuit has applied the deliberate indifference standard to claims of unsafe prison working conditions. *Ambrose v. Young*, 474 F.3d 1070, 1076 (8th Cir. 2007). "In the prison work assignment context, prison officials are deliberately indifferent when they knowingly compel 'an inmate to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful.' " *Id.* at 1077 (quoting *Sanchez v. Taggart*, 144 F.3d 1154, 1156 (8th Cir. 1998)).

This Court found that Dunkelberger could not meet the standard of *Ambrose* because he could not show that defendants knowingly compelled him to perform dangerous work. *See* Doc. 35 at 5-9. Story and Ditsworth were not aware of Dunkelberger's lack of training with the metal shear and thus could not be deliberately indifferent to the risk posed to Dunkelberger by his use of the metal shear. *Id.* at 6. Further, although Dunkelberger also alleged that defendants were deliberately indifferent to the risk posed by placing inmate Troy Hause in a supervisory position, this Court found that neither Story nor Ditsworth "knew that Hause would direct [Dunkelberger] to use a machine he was not trained on or otherwise had knowledge that placing Hause in charge would expose Dunkelberger to a substantial risk of serious harm." *Id.* at 7 (citing Doc. 25-4 at 2-

4

5). Thus, this Court found that while Dunkelberger was compelled to do dangerous work, he was not *knowingly* compelled to do so by Ditsworth or Story. *Id.*

Here, Dunkelberger cannot prevail under Rule 60(b)(3) because the alleged misrepresentations did not prevent him from fully and fairly presenting his case. *See In re Levaquin Prods. Liab. Litig.*, 739 F.3d at 404 (citing *E.F. Hutton & Co.*, 757 F.2d at 216-17). Dunkelberger claims that defendants have misrepresented the presence of warning signage and a safety guard. Doc. 37 at 1; Doc. 39 at 2. But this Court's ruling did not rely on these representations and instead found that defendants were not aware of the risk posed to Dunkelberger. *See* Doc. 35 at 5-9. In *Kulkay v. Roy*, the Eighth Circuit found that "[t]he absence of certain safety equipment or training and the occurrence of similar injuries" did not render defendants deliberately indifferent because they did not have "knowledge of these conditions or the risk of harm they represent[ed]." 847 F.3d, 637, 644 (8th Cir. 2017). Even had the plaintiff in *Kulkay* been assigned to use a machine lacking safety guards without formal training, he still had to show that defendants had actual knowledge of the risk. *Id.* In granting summary judgment to defendants, this Court found that Dunkelberger failed to show that defendants actually knew of the risk posed to him by the metal shear. Doc. 35 at 7. Thus, his motion for reconsideration fails under Rule 60(b)(3).

Dunkelberger fails to show the exceptional circumstances required under Rule 60(b)(6). Dunkelberger now claims that it would have been impossible for defendants to not be aware that he was using the metal shear because the shear is less than 20 feet from the supervisor's office windows that look out onto the shop floor. Doc. 37 at 1. But he failed to make this allegation prior to his motion for reconsideration, *See* Doc. 1 at 5-11; Doc. 29 at 1-2; Doc. 30 at 1-9, and he makes no showing that the layout of the machine shop and the visibility of the metal shear from

the supervisor's office are "newly discovered evidence" that could not have been discovered prior to this Court's grant of summary judgment to defendants. *See Arnold*, 627 F.3d at 721 (quoting *Hagerman*, 839 F.2d at 414); Doc. 37 at 1. Thus, he fails to allege "exceptional circumstances" that denied him "a full and fair opportunity to litigate his claim" as required under *Harley*. *See* 413 F.3d at 871 (citation omitted). Further, he does not allege that either defendant was aware that he was using the metal shear at the time of the accident, only that they should have been aware based on the proximity of the metal shear to the supervisor's office. *See* Doc. 37 at 1; Doc. 39 at 2.

Dunkelberger's remaining claims also fail to show the exceptional circumstances required by *Harley*. *See* 413 F.3d at 871 (citation omitted). This Court noted that the parties disagreed as to the extent of the warning signage present at the time of the accident and that additional signage was added after the accident in its order granting summary judgment to defendants. Doc. 35 at 2-3. Dunkelberger claims that supervisors should always train employees on the use of dangerous equipment. Doc. 37 at 1. This Court considered Dunkelberger's failure to train or supervise claim, finding that Dunkelberger failed to show that "the training procedures and supervision were inadequate and likely to result in a constitutional violation" because he failed to show that defendants were aware of the risk posed by placing Hause in charge of the machine shop. Doc. 35 at 8-9 (quoting *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001)). Dunkelberger also claims that he could not decline dangerous work as an inmate. Doc. 37 at 1-2. But this Court agreed that Dunkelberger was compelled to perform dangerous work and found that his claim failed because he could not show that either defendant *knowingly* compelled him to work. Doc. 35 at 7. As above, Dunkelberger's claim that defendants misrepresented the presence

of a safety guard on the metal shear fails because this Court's ruling did not rely on that representation. *See* Doc. 35 at 5-9.

Nor is Dunkelberger afforded any relief under Rule 59(e). "Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.' " *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). As above, Dunkelberger's motion to reconsider fails under Rule 59(e) because he only raises new arguments that "could have been offered or raised prior to entry of judgment." *See id.* (quoting *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933). Dunkelberger makes no showing of a manifest error of law or fact and presents no newly discovered evidence that could not have been offered prior to entry of judgment. Thus, his motion for reconsideration, Doc. 37, is denied.

Accordingly, it is ORDERED:

1. That Dunkelberger's motion for reconsideration, Doc. 37, is denied.

Dated this 15th day of February, 2023.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*/s/ Matthew Thelen*